FILED

2006 Mar-08  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | ) ) ) |
| Plaintiffs, | ) ) CV-06-B-0060-NE |
| v. | ) ) |
| NORTHROP GRUMMAN SYSTEMS CORPORATION | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

WHEREAS, Plaintiff, the United States of America ("United States"), by authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the Alabama Department of Environmental Management ("ADEM"), have alleged that Northrop Grumman Systems Corporation ("NG") violated certain requirements of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901, et seq., and the Alabama Hazardous Wastes Management and Minimization Act ("AHWMMA"), Code of Alabama (1975), §§22-30-1, et seq.;

WHEREAS, the United States' and ADEM's Complaint seeks the imposition of civil penalties and injunctive relief;

WHEREAS, the Plaintiffs and NG agree that settlement of this action is in the public interest and is made in good faith and that entry of this Consent Decree without litigation is the most appropriate means of resolving this action;

WHEREAS, the Plaintiffs and NG agree that by entering into this Consent Decree NG has not admitted and in fact denies the truth of any allegation in the Complaint except the allegations pertaining to venue and subject matter and personal jurisdiction; and

NOW THEREFORE, before the taking of testimony, without the necessity of trial, without adjudication of any issues of fact or law, without any admission of liability or of any issue of fact or law by NG, and upon the consent of the Parties hereto,

IT IS ADJUDGED, ORDERED AND DECREED THAT:    I. Definitions

1. Terms used in the Consent Decree that are defined in RCRA and AHWMMA shall have the meaning set forth in such definitions, unless specific definitions are contained herein.

2. Whenever the following terms are used in this Consent Decree, the definition specified hereinafter shall apply:

        a.      "Defendant" means NG.

        b.      "EPA" means the United States Environmental Protection Agency.

        c.      "Facility" means certain buildings NG leased in 2002 from Redstone Arsenal in Huntsville, Alabama (including Buildings 7346, 7347, 7357, 7378, and 7631), and from Cummings Research Park, also in Huntsville (including Buildings 915, 917, and 935).

        d.      "Notify" and "submit" and other terms signifying an obligation to transmit or communicate documents and information mean to deliver in person, deposit in the United States mail or dispatch by express courier not later than the day that such transmission or communication is required by this Consent Decree.  Should such day be a weekend day or a federally or state recognized holiday, the delivery, deposit, or dispatch shall be due on the next business day.

        e.      "Parties" means the United States, the State of Alabama, and NG or Northrop Grumman Systems Corporation.

        f.      "Plaintiffs" means the United States and the State of Alabama.

        g.      "State" means the State of Alabama.

II. Jurisdiction

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, as well as Section 3008(a) and (h) of RCRA, 42 U.S.C.

§6928(a) and (h).

### III.   Parties Bound and Notice of Transfer

4.   The provisions of this Consent Decree shall apply to and be binding upon the United States, Alabama, and NG and its officers, agents, successors, assigns and all persons acting on its behalf.  Each Party certifies that at least one of its undersigned representatives is fully authorized by the Party whom he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of that Party, and to legally bind the Party on whose behalf he or she executes this Consent Decree.

5.   No change in ownership, corporate, or partnership status relating to the Facility will in any way alter the responsibilities of NG under this Consent Decree.  In the event of any conveyance of easement, or other interest in the Facility, or any portion of the Facility, all of NG's obligations under this Consent Decree shall continue to be met.

6.   During the pendency of this Consent Decree any instrument of conveyance of any property interest executed by NG, which transfers such interest in any part of the Facility shall contain a notice that the Facility is the subject of this Consent Decree, and shall set forth the type of the case, case caption and index number, and the Court having jurisdiction.

### IV.  RCRA Compliance

7.   NG shall certify within thirty (30) calendar days following NG's receipt of notice of entry of this Consent Decree from the United States that, as of the date of the certification, it is in compliance with the following provisions:

a.   The ADEM Administrative Code Rules 335-14-8-.09 through 335-14-8-.13 requirements regarding the transportation of hazardous waste;

b.   The 40 C.F.R. §§ 262.11 and 262.20 and ADEM Admin. Code R. 335-14-3-01(2) hazardous waste determination and manifest requirements;

c.   The 40 C.F.R. § 262.34 and ADEM Admin. Code R. 335-14-3-.03(5) hazardous waste container requirements;

d.   The 40 C.F.R.  § 262.34(c)(1)(i), 40 C.F.R. § 265.173(a), and ADEM Admin. Code R. 335-14-6-.09(4)(a) hazardous waste container closure requirements;

-3-

e.  The 40 C.F.R. § 264.16 and ADEM Administrative Code Rule 335-14-3-.03(5)(a)4 personnel training requirements;

f.  The 40 C.F.R. § 264.16(d)(3) and ADEM Administrative Code Rule 335-14-3-.03(5)(a)4/335-14-6-.02(7)(d)3 personnel training and retention of documentation requirements;

g.  The ADEM Administrative Code Rule 335-14-8-.01(1)(c)(2.)(x) standards for generators who treat on-site generated wastes;

h.  The ADEM Admin. Code R. 335-14-5-.02(3)(b) requirements regarding the receipt of hazardous waste and the Section 3005(a) of RCRA, 42 U.S.C. § 6925(a) and ADEM Admin. Code R. 335-14 and Ala. Code 22-30-12 requirements regarding the storage of hazardous waste; and

i.  The Alabama Hazardous Waste Management and Minimization Act § 22-30-19(d) requirements regarding access to information and records.

Such certification should be sent to the United States and EPA as provided in Section XIII (Notices).

V. <u>Civil Penalty</u>

8.  Within thirty (30) calendar days following NG's receipt of notice of entry of this Consent Decree from the United States, NG shall pay a civil penalty to the United States and the State in the total amount of Eighty-Three Thousand Forty-Nine and 0/100 Dollars ($83,049.00), for violations as alleged by the United States and the State in the Complaint filed in this matter (Civil Penalty).  One half of the Civil Penalty ($41,524.50) shall be paid to the U.S. Department of Justice (DOJ) lockbox bank at the Office of the United States Attorney for the Northern District of Alabama, referencing the DOJ Number 90-7-1-08303, and the U.S.A.O. file number 2001v00657.  Any electronic funds transfer (EFT) received at the U.S. DOJ lockbox bank after 4:00 P.M. (Eastern Time) shall be credited on the next business day.  If the proceeds are paid by certified check, they shall be made payable to the United States Treasury.  Delivery after 4:00 P.M. (Eastern Time) shall be considered a payment on the next business day.  A copy of any check and any correspondence from NG to the United States Attorney shall be sent

to the United States and EPA as provided in Section XIII (Notices).  One half of the Civil Penalty ($41,524.50) shall be paid to the State of Alabama.  Such penalty shall be paid by check made out to the "Alabama Department of Environmental Management."  The payment shall reference the civil action case name and case number of the Northern District of Alabama and should be mailed to:  ADEM, Office of General Counsel, Attention:  Olivia Rowell, P.O. Box 301463, Montgomery, Alabama  36130-1463.

9.   In the event that the Civil Penalty specified in Paragraph 8 is not paid when due, NG shall pay interest at the rate provided in 28 U.S.C. § 1961(a), that is, a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52-week U.S. Treasury bills settled prior to the date this Consent Decree is entered from the original due date to the date of payment.  Interest shall be computed daily and compounded annually.

10.   The Civil Penalty set forth herein is a penalty within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and, therefore, NG shall not treat this penalty payment as tax deductible for purposes of federal, state, or local laws.

## VI.  Costs

11.   Each party shall bear its own costs and attorneys' fees in the action resolved by this Consent Decree.

12.   In the event that this Court subsequently determines that NG has violated the terms and conditions of this Consent Decree, NG shall be liable to the United States for any costs or other expenses incurred by the United States in any action or proceeding against NG for noncompliance with this Consent Decree.

## VII.  Stipulated Penalties

13.   If NG fails to comply with any of the provisions of this Consent Decree requiring the submission of certifications or failure to pay the Civil Penalties as required by this Consent Decree, it shall pay the following stipulated penalties:

| Period of Failure to Comply | Penalty Per violation per day |
| --- | --- |
| 1st through 14th day | $250.00 |
| 14th through 30th day | $500.00 |
| 30th day and beyond | $1,000.00 |

14.   Stipulated penalties under this Consent Decree shall be paid as provided in Paragraph 8 (Civil Penalties).

15.   NG shall notify EPA in writing of any failure to meet Consent Decree requirements for which stipulated penalties may be due as soon as it has knowledge of such failure.  The United States reserves the right to demand payment of stipulated penalties upon a determination by the United States that a violation of this Consent Decree has occurred.

16.   All stipulated penalties begin to accrue on the day after performance is due or on the day a violation occurs, and continue to accrue through the final day of correction of the noncompliance.  Nothing herein shall preclude the simultaneous accrual of separate stipulated penalties for separate violations of this Consent Decree.  Penalties shall accrue as provided in Paragraph 13 regardless of whether EPA has notified NG of a violation.  All stipulated penalties owed to the United States under this Section shall be due and payable within 30 calendar days of NG's receipt from EPA of a written demand for payment of the penalties, unless NG invokes the Dispute Resolution procedures under Section VIII. (Dispute Resolution).

17.   Stipulated penalties shall continue to accrue as provided in Paragraph 13 during any dispute resolution period, but need not be paid unless the United States prevails in the dispute.  If the United States prevails by decision of this Court, NG shall remit payment of all accrued penalties within thirty (30) calendar days of receipt of the Court's decision.  If NG fails to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties and any interest that has accrued.

18.   The stipulated penalties set forth above shall be in addition to the rights reserved to the Plaintiff in Section XII (Effect of Settlement/Reservation of Rights) of this Consent Decree.  Nothing in this Section shall be construed as prohibiting, altering or in any way limiting the ability of the United States to seek other remedies or sanctions available by virtue of NG's

violation(s) of this Consent Decree or of the statutes and regulations referenced herein except as provided by Section XII (Effect of Settlement/Reservation of Rights)

19.     The payment of stipulated penalties shall not alter in any way NG's obligation to complete the performance of the actions described in this Consent Decree.

VIII.   Dispute Resolution

20.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of NG that have not been disputed in accordance with this Section.

21.     The dispute resolution procedures of this Consent Decree are invoked by one party sending the other party a written Notice of Dispute.  Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the Parties.  The period for informal negotiations shall not exceed 21 calendar days from the date of the Notice of Dispute, unless it is modified by written agreement of the Parties to the dispute.

22.     In the event that the Parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by the United States shall be considered binding unless, within 14 calendar days after the conclusion of the informal negotiation period, NG invokes the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by NG.

23.     Within 14 calendar days after receipt of NG's Statement of Position, the United States will serve on NG its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by EPA.

24.     Following receipt of both Statements of Position, the Waste Management Division

Director in EPA Region 4 will issue a final written decision resolving the dispute, which sets forth the basis for EPA's decision.  The EPA's decision shall be binding on NG unless, within 21 calendar days of receipt of the decision, NG files with the Court and serves on the United States a notice of judicial appeal setting forth the matter in dispute, the efforts made by the Parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree.  The United States may file a response to NG's notice of judicial appeal.

     25.    In any judicial review of the dispute, NG shall have the burden of proving, based on the administrative record of the dispute, that EPA's decision is arbitrary and capricious.  For purposes of this Section, the administrative record shall consist of the Notice of Dispute, the Statements of Position and all supporting documentation, the EPA's written decision and any other written records submitted by the Parties.

     26.    The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of NG under this Consent Decree not directly in dispute, unless such obligation is dependent upon the disputed obligation or unless EPA or the Court agrees otherwise.  However, payment of stipulated penalties with respect to the disputed matter, shall be stayed pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree unless NG prevails on a disputed issue.  In the event that NG does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII.

IX.  <u>Force Majeure</u>

     27.    NG's obligation to comply with one or more of the provisions of this Consent Decree shall be deferred or excused to the extent and for the duration that the delay in compliance or inability to comply is caused by a "force majeure."  A "force majeure" is defined as an event or set of circumstances that are beyond NG's control and that could not have been prevented by due diligence of NG.  This force majeure provision shall not apply to any delay

-8-

due to increased costs or NG's financial inability to carry out the provisions of this Consent Decree. "Force majeure" shall include labor disputes beyond the control of NG.

28.    NG shall notify EPA within 72 hours by telephone and shall submit written notification to EPA within seven business days after the date when it first obtained knowledge of a delay or potential delay. Such notice shall include the nature, cause and anticipated length of the delay and the steps which NG has taken and will take, with a schedule for implementation, to avoid or minimize the delay. Failure to provide this written notice within the required time period shall constitute a waiver of NG's right to invoke "force majeure" as a basis for delay or prevention of performance under this Consent Decree. If the Parties agree that the delay was attributable to a "force majeure" event, the time for performance of the provision shall be extended for a period of time equal to the delay caused by the event plus any period of time necessary for any demobilization and remobilization.

29.    If the Parties do not agree that the delay or inability to perform was caused by a "force majeure" event, or are unable to agree on the extent of delay, NG shall have the burden of proving that the delay was attributable to a "force majeure" event, that NG has exercised due diligence in minimizing the delay, and that, as a result of the delay, a particular extension period for compliance is required.

## X.  Public Access to Documents

30.    All data, factual information, and documents obtained by the United States from NG pursuant to this Consent Decree shall be subject to public inspection unless identified as confidential by NG in conformance with 40 C.F.R. Part 2. Any assertion of confidentiality must be accompanied by responses to the questions listed at 40 C.F.R. § 2.204(e)(4). The data, factual information, and documents so identified as confidential shall be disclosed only in accordance with appropriate EPA and DOJ regulations.

## XI.  Record Retention

31.    NG shall preserve, during the pendency of this Consent Decree and for a minimum of five years after its termination, or as required by law, whichever period is longer, at least one legible copy of all non-privileged records and documents, including computer records, in its

possession which relate to its performance of its obligations under this Consent Decree.

### XII.  Effect of Settlement/Reservation of Rights

32.    This Consent Decree resolves the civil claims of the United States and the State for the violations alleged in the Complaint filed in this action through the date of lodging.

33.    The United States and State reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as stated herein.  This Consent Decree shall not be construed to limit any right to obtain penalties or injunctive relief available to the Plaintiffs under RCRA or AHWMMA or implementing regulations, or under other federal, state, or local laws, regulations, permit conditions, except as expressly specified herein, except that Plaintiffs agree that, if NG complies with its obligations under this Consent Decree, they shall not impose or seek to impose any additional civil penalties, injunctive relief or other sanctions or remedies for claims alleged in the Complaint in this action.

34.    This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations.  Defendant is responsible for complying with all applicable federal, state, and local laws, regulations, and permits, and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to said laws, regulations, or permits.  By consenting to entry of this Consent Decree, neither the United States nor the State warrants or avers in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with any provisions of RCRA/AHWMMA or implementing regulations.

35.    This Consent Decree does not limit or affect the rights of the Parties hereto against any third parties not party to this Consent Decree, nor does it limit the rights of third parties not party to this Consent Decree, against Defendants, except as otherwise provided by law.

36.    This Consent Decree shall not be construed to affect or limit in any way the obligation of NG to comply with all federal, state and local laws and regulations governing the activities required by this Consent Decree.

37.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

XIII.  <u>Notices</u>

38.    Whenever under the terms of this Consent Decree notice is required to be given or a report or other document is required to be forwarded by one party to another, it shall be directed to the following individuals at the addresses specified below, unless it is otherwise specifically provided in this Consent Decree.  Any change in the individuals designated by either Party must be made in writing to the other Party.  Any correspondence shall include a reference to the case caption and index number of this court action.

<u>As to the United States and EPA</u>:

Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044

Regional Counsel
Office of Environmental Accountability
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia  30303

South Section Chief
RCRA Enforcement and Compliance Branch
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia  30303

<u>As to the State</u>:

Chief
Governmental Hazardous Waste Branch
Land Division
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, AL  36130-1463

As to Northrop Grumman Systems Corporation:

Eileen B. Salathé Gernhard
Senior Counsel – Environmental Law
Northrop Grumman Corporation
1000 Wilson Boulevard
Suite 2300
Arlington, Virginia 22209

The Parties designate the following individuals to receive any immediate notice and to communicate informally about problems incurred or anticipated in meeting the requirements of this Consent Decree and its attachments:

As to the United States:

Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044

Regional Counsel
Office of Environmental Accountability
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia 30303

Section Chief
RCRA Enforcement and Compliance Branch
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia  30303.

Chief
Governmental Hazardous Waste Branch
Land Division
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, Alabama  36130-1463

As to Northrop Grumman Systems Corporation:

Paul (Kip) Keenan, Director
ES Environmental, Health, Safety, and Fire Protection
Northrop Grumman Systems Corporation
Electronic Systems
7323 Aviation Boulevard
Mailstop1401
Baltimore, MD  21240

39.    Such informal communication is intended to facilitate meeting the objectives of this Consent Decree and shall not relieve the Parties of the notice and reporting requirements set forth elsewhere in this Consent Decree.

## XIV.  Modification

40.    The terms of this Consent Decree may be modified only by a written agreement signed by the Parties.  Where a modification constitutes a material change to the Consent Decree, it shall be effective only upon approval by the Court.  Where the modification is minor, including a change to any schedules contained in the Consent Decree, such modification may be made by written agreement of the Parties without Court approval.

## XV.  Effective and Termination Dates

41.    This Consent Decree shall be effective upon the date of its entry by the Court.  The Consent Decree shall be terminated upon payment of the civil penalty set forth in paragraph 8 above and compliance with paragraph 7 of the Consent Decree.  When NG determines that it has complied with all requirements of this Consent Decree (it has provided certification of RCRA compliance as provided in Paragraph 7 and has paid the Civil Penalty pursuant to paragraph 8), it shall provide a notification of completion in writing to the United States.  The notification by NG shall indicate the case name and civil action number and include the following language:

"Pursuant to Section XV (Effective and Termination Dates) of the Consent Decree, I hereby provide notice that NG has completed all the requirements set forth in the Consent Decree."

The United States shall have thirty (30) calendar days following receipt of such notification to serve on NG written notice stating any opposition to the compliance notification. Any such opposition shall state specifically what requirements of the Consent Decree have not

-13-

been fulfilled.  After receiving written notification from the United States or after the expiration of the 30-day time period, NG may file its notification with the Court and petition the Court with notice to the United States for termination of this Consent Decree.  The United States may support or oppose NG's petition, and the Court may conduct such inquiry and rule as it deems appropriate.

42.    Notwithstanding the preceding Paragraph, the Parties may at any time move jointly or the United States may move unilaterally to terminate this Consent Decree without the notification based on a determination that all its requirements have been satisfied, and the Court may order such termination after conducting such inquiry as it deems appropriate.  Termination of this Consent Decree will not terminate NG's obligation to preserve all records in accordance with the Record Retention provisions contained in Section XI (Record Retention).

## XVI. Retention of Jurisdiction

43.    This Court shall retain jurisdiction of this matter until further order of the Court or until termination of this Consent Decree.

44.    The Parties retain the right to seek to enforce the terms of this Consent Decree and take any action authorized by federal or state law not inconsistent with the terms of this Consent Decree to achieve or maintain compliance with the terms and conditions of this Consent Decree or otherwise.

## XVII. Public Notice Requirements

45.    Final approval by the United States and entry of this Consent Decree is subject to the requirements of 28 C.F.R. § 50.7, which provides for, inter alia, notice of the lodging of this Consent Decree in the *Federal Register*, an opportunity for public comment, and consideration of any comments.

46.    The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper or inadequate.  NG consents to the entry of this Consent Decree without further notice.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any

Party and the terms of the agreement may not be used as evidence in any litigation between any of the Parties.

XVIII. <u>Certification of Compliance</u>

47.   The certification required by Section IV of this Consent Decree shall be certified by a responsible official of NG:

The term "responsible official" shall mean: the president, secretary, treasurer, vice-president of the corporation in charge of a principal business function, environmental compliance director, plant manager, or any other person who performs similar policy or decision-making functions for the corporation or Facility.  The certification of the responsible official shall be in the following form:

<u>"I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fines and imprisonment for knowing violations</u>."

XIX.  <u>Service/Signatories</u>

48.   NG hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified NG in writing that it no longer supports entry of the Consent Decree.

49.   NG shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of NG with respect to all matters arising under or relating to this Consent Decree.  NG hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

-15-

Consent Decree entered in accordance with the foregoing this _7th_ day of

_____March_____, 2006.

_Sharon Lovelace Blackburn_
UNITED STATES DISTRICT JUDGE

ATTEST:


BY: _____
   DEPUTY CLERK
   (SEAL)

-16-

FOR PLAINTIFF - UNITED STATES OF AMERICA

DATE: _____8/10/05_____

BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
U.S. Department of Justice
Environment and Natural Resources
 Division
1425 N.Y. Avenue
Washington, D.C.  20005

DATE: _8/5/05_

WILLIAM A. WEINISCHKE
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources
 Division
Environmental Enforcement Section
1425 New York Avenue, N.W.
Washington, D.C. 20005

ALICE H. MARTIN
United States Attorney
Northern District of Alabama

By:

DATE: _ 1/10/06 _

JOHN BELL
Assistant United States Attorney
Northern District of Alabama

-17-

FOR U.S. ENVIRONMENTAL PROTECTION AGENCY


_____     DATE: _1/3/06_____

MARY KAY LYNCH
Director, Office of Environmental Accountability
Division and Regional Counsel
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia  30303


_____     DATE: _9/6/05_____

FRANK NEY
Associate Regional Counsel
Environmental Accountability Division
U.S. Environmental Protection Agency
Region 4
Atlanta Federal Center
61 Forsyth Street
Atlanta, Georgia 30303

-18-

FOR NORTHROP GRUMMAN SYSTEMS CORPORATION

___David A. Shrum        DATE: October 18, 2005

As required by paragraph 49, identified below is the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of NG with respect to all matters arising under or relating to this Consent Decree:

     The Corporation Company
     2000 Interstate Park Drive, Suite 204
     Montgomery, AL  36109
     334-387-7680

FOR ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT

Date: _Sept. 15, 2005_

Olivia H. Rowell
General Counsel
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, Alabama 36130-1463